IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER A. RIVERA,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-5174 |
| JOSEPH SIMPSON, *et al.*,<br>　　Defendants. | :<br>:<br>: |

**MEMORANDUM**

**HODGE, J.**                                                                                                                                                                **DECEMBER 10, 2025**

      Christopher A. Rivera filed this civil rights action against the Northern Lancaster County Regional Police Department ("NLCRPD"),[1] the City of Lancaster, and two NLCRPD police officers, alleging that police used excessive force when they arrested him. (ECF No. 2.) Rivera also seeks leave to proceed *in forma pauperis*. (ECF Nos. 1, 3.) The City of Lancaster filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 7.) Rivera's request for leave to proceed *in forma pauperis* will be granted. For the following reasons, claims against the NLCRPD and the City of Lancaster will be dismissed from the lawsuit with prejudice. The claims alleged against Defendants Joseph Simpson and Ryan Goss in their official capacities will be dismissed without prejudice. The excessive force claims against Simpson and Goss in their individual capacities will also be dismissed without prejudice. Rivera will be permitted to file an

---

[1] Rivera named the "Northern Lancaster Regional Police Department" in the caption of the Complaint but identified the officers as members of the "Northern Lancaster **County** Regional Police Department". (ECF No. 2 at 1, 2.) (emphasis added). The latter name is correct, and the Court will refer to the department in this memorandum using the correct name.

amended complaint to cure the defects identified in this Memorandum. The Court will grant the City of Lancaster's Rule 12 Motion.

I.  **FACTUAL ALLEGATIONS**[2]

Rivera states that his claims arise from an incident that occurred at the Calm Spa located at the Penn Town Shopping Center. (Compl. at 4.) On August 27, 2024, Rivera claims that Simpson, an officer with the NLCRPD, "yelled to get on the ground as I was fleeing the scene." (*Id*. at 2, 5.) Simpson opened fire twice and shot Rivera in the lower back and the back of his left leg. (*Id*. at 5.) Goss, also an officer with the NLCRPD, accompanied Simpson and witnessed the event. (*Id*. at 2, 5.)

Publicly available court records confirm that Rivera was charged with two counts each of robbery, rape, and involuntary deviate sexual intercourse, plus four counts of sexual assault arising from offenses that occurred on August 27, 2024. *Commonwealth v. Rivera*, CP-36-CR-0004880-2024 (C.P. Lancaster). Rivera was found guilty of all charges on November 3, 2025 and he presently awaits sentencing. (*Id*.) Rivera asserts that, among the discovery he obtained in the case was body cam footage of the incident and a statement by Goss apparently confirming that "no one announced that [he], or his partner were law enforcement or police department" before using force. (Compl. at 7, 4.) He alleges that Simpson "[a]cted out of code of conduct as a law enforcement [officer] by not stating that he was an officer." (*Id*. at 3.)

---

[2] The facts set forth in this Memorandum are taken from Rivera's Complaint ("Compl."), which consists of the Court's form complaint plus additional pages that Rivera attached. (ECF No. 2.) Publicly available records have also been consulted in this screening under § 1915(e)(2)(B). *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

Rivera alleges that Simpson's use of deadly force qualifies as "malfeasance, misfeasance, and nonfeasance." (*Id*.) He claims that he has suffered injuries requiring multiple surgeries. (*Id*. at 5.) He alleges that he has permanent nerve damage to his left leg and still requires a second surgery to reverse the ileostomy procedure and remove one of the bullets. (*Id*. at 5, 8.) Rivera seeks money damages to compensate for the emotional and psychological scars as well as to pay for medical bills. (*Id*. at 5.)

## II.   STANDARD OF REVIEW

Rivera will be granted leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the Plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds*

---

[3] Rivera submitted a motion for leave to proceed *in forma pauperis* consisting of a sworn affidavit attesting that he is unable to pay the costs of the proceedings (ECF No. 1) and a copy of his Prison Trust Fund Account statement for the six months preceding the date Rivera filed this action (ECF No. 3). The Court will consider these submissions to be substantial compliance with the requirements of the Prison Litigation Reform Act. However, pursuant to that Act, Rivera must still pay the filing fee in installments because he is a prisoner.

*recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Rivera is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013)).

## III. DISCUSSION

Rivera asserts constitutional violations based on his allegation that Simpson used excessive force during the August 27 arrest. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

### A. Claim Against NLCRPD

Rivera names the NLCRPD in the caption of his Complaint, but he does not allege any factual allegations or claims against it within the Complaint. Even if he had, those claims would be dismissed with prejudice because the NLCRPD is not a proper defendant under § 1983. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable

under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Murrell v. Michael*, No. 20-113, 2021 WL 254064, at *4 (M.D. Pa. Jan. 26, 2021) (dismissing county police department because it was not a proper defendant in a § 1983 action). NLCRPD and any claims Rivera has alleged against it will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      **B.**      **Claim Against the City of Lancaster**

Like the NLCRPD, Rivera also names the City of Lancaster in the caption of his Complaint but fails to assert any facts or claims against it in the body of the Complaint. In order for Rivera to assert a plausible municipal liability claim under *Monell*, he must allege that the municipal defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). The Plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "[M]unicipal liability attaches only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Peña v. City of Lancaster*, No. 21-590, 2022 WL 44005, at *2 (E.D. Pa. Jan. 5, 2022) (cleaned up) (dismissing the County of Lancaster from case when its employees had no personal involvement with alleged civil rights violation).

Not only does Rivera fail to assert a constitutional violation due to a policy or custom of the City of Lancaster, but he also does not claim that the alleged events of August 27 or actions by NLCRPD officers have *any* connection to the City. (*See* Compl. at 2 (identifying officers as

NLCRPD employees)). To the extent that Rivera intends to assert a claim against the City of Lancaster, it would not be plausible because there are no facts alleged "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Peña*, 2022 WL 44005, at *2 (noting that the County of Lancaster did not employ the City of Lancaster's police officers who were involved in shooting and concluding that plaintiff failed to plausibly allege personal involvement by County). Accordingly, the City of Lancaster and any claims alleged against it will be dismissed from this action.

C.  **Official Capacity Claims**

Rivera has checked the box on the form indicating that he seeks to name Defendants Simpson and Goss in their official capacities. Official capacity claims are indistinguishable from claims against the entity that employs the officials, here, apparently Lancaster County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690 n.55)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Thus, Rivera's claims against Simpson and Goss in their official capacities are, in essence, claims against Lancaster County.

Rivera has not alleged that a policy or custom of Lancaster County violated his civil rights pursuant to *Monell*.[4] The official capacity claims will thus be dismissed under 28 U.S.C. §

---

[4] Local governments, such as Lancaster County, can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see also Monell*, 436 U.S. at 665–83. This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60. In other words, municipal liability cannot be predicated on a *respondeat superior* basis. *See Monell,* 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it

1915(e)(2)(B)(ii), but Rivera may reassert an official capacity claim/*Monell* claim alleged against the appropriate municipality should he amend his complaint.

  **D.**  **Individual Capacity Claims**

    **1.**  **Excessive Force Claim Against Simpson**

Rivera asserts a claim against Simpson in his individual capacity for use of excessive force during his arrest in violation of the Constitution. (Compl. at 2.) A plaintiff's claim that excessive force was used at arrest is analyzed under the Fourth Amendment "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015). The Court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *see also Estate of Smith v. Morasco*, 430 F.3d 140, 148 (3d Cir. 2005). Additional relevant factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Moore v. Vangelo*, 222 F. App'x 167, 170 (3d Cir. 2007) (citation omitted). The reasonableness of force depends on "the totality of the circumstances," considered from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Johnson v. City of Philadelphia*, 837 F.3d 343, 350 (3d Cir. 2016).

---

employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original).

Rivera's excessive force claim is underdeveloped as pled. The only factual allegations Rivera makes about the shooting—as opposed to allegations about injuries he has suffered—are that Defendant Simpson "yelled get on the ground as I was fleeing the scene and opened fire at me twice," and that neither officer identified themselves as police during the encounter. (*Id.*) These discrete allegations, presented with no other facts, fail to allege a plausible claim that Simpson acted unreasonably. For example, Rivera does not describe the "scene" from which he was "fleeing," but publicly available court dockets indicate that Rivera was convicted in November 2025 of multiple counts of robbery, rape, involuntary deviate sexual intercourse, and sexual assault based on events that occurred on August 27 preceding the officers' chase and Rivera's shooting. *See Rivera*, CP-36-CR-0004880-2024. By his own admission then, Rivera avers that he was attempting to flee from the scene where several violent crimes had occurred and police on the scene were attempting to apprehend the suspect. *Estate of Smith*, 430 F.3d at 148 (considering in the assessment of an excessive force claim "the severity of the crime[s] at issue," and "whether he actively is resisting arrest or attempting to evade arrest by flight" in the reasonableness of the force); *Moore*, 222 F. App'x at 170 (considering "the possibility that the persons subject to the police action are themselves violent or dangerous," "whether the action takes place in the context of effecting an arrest," and "the possibility that the suspect may be armed"). Rivera further admits that, as he fled, police shouted an order for him to get on the ground that went unheeded. (Compl. at 5.) Rivera provides no context for the event preceding the chase, the duration of the pursuit, his own actions after police ordered him to get down, or how the police identifying themselves would have changed his behavior. Without these facts, the excessive force claim cannot rise "above the speculative level," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and is not plausible. *See Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012) (*per curiam*) (affirming dismissal of

Fourth Amendment excessive force claim based on collision after high speed pursuit when plaintiff failed to plead how the pursuit started, why police were pursing him, what happened during the pursuit, how the crash happened, and who was involved in the crash); *see also Davis v. Schermerhorn*, No. 24-0493, 2024 WL 1517536, at *3 (E.D. Pa. Apr. 8, 2024) (dismissing excessive force claim as undeveloped when plaintiff alleged he was slammed to the ground and placed in too-tight handcuffs but provided no details about the circumstances leading to his encounter with officers); *Koyi v. Borough of Tinton Falls*, No. 21-352, 2023 WL 7195170, at *5 (D.N.J. Nov. 1, 2023) (dismissing claim alleging excessive force that failed to include "details about the circumstances that brought Plaintiff and the officers together [at the scene], what happened leading up to the use of excessive force, and which officer(s) allegedly used excessive force"). This claim will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Rivera reasserting it in an amended complaint.

### 2. Excessive Force Claim Against Goss

Even though Rivera did not indicate that he intends to sue Goss in his individual capacity, the Court will liberally construe the Complaint to assert a claim against him in his individual capacity. *See Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct). Rivera only alleges that Goss was present when Simpson exerted excessive force, and that Goss did not identify himself as an officer. (Compl. at 4-5.) These allegations clearly fall far short of stating an excessive force claim. A plaintiff cannot state an excessive force claim by "haul[ing] before a jury all officers who were in the immediate vicinity of where excessive force occurred . . . . That

9

is simply not the law." *See Jutrowski v. Twp. of Riverdale,* 904 F.3d 280, 289 (3d Cir. 2018) (quotation marks omitted) ("a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation"); *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) ("To establish liability against an individual defendant acting under color of state law, a plaintiff must show that the defendant was 'personally involved' in the use of excessive force."); *Witters v. Smith*, 736 F. Supp. 3d 238, 247 (M.D. Pa. June 10, 2024) (dismissing Fourth Amendment claim against parole agent who was present when fellow agent shot plaintiffs' dog based on lack of personal involvement); *Est. of Fisher by & through Fisher v. City of Pittsburgh*, No. 24-1234, 2025 WL 1898113, at *4 (W.D. Pa. May 8, 2025), *report and recommendation adopted as modified*, No. 24-1234, 2025 WL 1604034 (W.D. Pa. June 6, 2025) (dismissing with prejudice excessive force claim alleged against officer who did not shoot suspect and was not involved in the decision to use deadly force) (citing *McKay v. Krimmel*, No. 22-1302, 2023 WL 4231714, at *2 (3d Cir. June 28, 2023) ("Police officers may not be held liable under section 1983 merely because they were members of a group of which some other members were guilty of abuses." (cleaned up))). To the extent that Rivera has asserted a claim of Goss's individual liability for excessive force, the claim will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Because the claim is so underdeveloped, the dismissal will be without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Rivera's claims against the Northern Lancaster County Regional Police Department and the City of Lancaster. The claims alleged against Defendants Simpson and Goss in their official capacities will be dismissed without prejudice. The excessive force claims alleged against Defendants Simpson and Goss in their individual capacities will be dismissed without prejudice. Rivera will be granted leave to file an

amended complaint if he is able to correct the defects identified by the Court. An appropriate Order will be entered with additional information about amendment.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
**KELLEY BRISBON HODGE, J.**